## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER SEATON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0024** |
| **T. WILLIAMS, ET AL.** | **SECTION "G" (5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and §1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Facts

Plaintiff, Christopher Seaton, an inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. Seaton's complaint stems from an attack by another inmate during the time Seaton was incarcerated in the St. Tammany Parish Prison. Seaton names as defendants, St. Tammany Parish Prison Warden Longino, Sheriff Jack Strain, and prison correctional

officers, T. Williams, Lt. Jay Elliot, Capt. Mendy, Capt. Ceadar Holmes, and Capt. Wade.

Plaintiff alleges that he was struck by inmate, Brandon Deflander, while in the restroom in Pod D600 on Friday, February 3, 2012 between 10:00 am and 11:30 a.m.  After the attack, Seaton stepped out of the restroom into the dayroom and attempted to get Officer Williams' attention.  Seaton alleges that his clothes were full of blood from the hit he sustained directly over his right eye, but that Officer Williams claims he did not see this when he shined his flashlight into the Pod.  Seaton was subsequently brought to an emergency room in Amite, Louisiana where he was treated for his eye injury. He now wears prescription glasses for vision enhancement in his right eye.  Seaton alleges that he notified all the defendants about the matter via correspondence and in person, but to no avail.  He requests monetary compensation and injunctive relief.

## II.  **Standard of Review**

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity." 28 U.S.C. §1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous...." 28 U.S.C. § 1915(e)(2)(B)(i).

A claim is frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. McCormick v. Stadler, 105 F.3d 1059, 1061 (5th Cir. 1997), citing Neitzke, 490 U.S. at 327. It lacks an arguable factual basis if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32–

-3-

33 (1992); <u>Neitzke</u>, 490 U.S. at 327-328. A complaint asserting prescribed claims is properly dismissed as frivolous. <u>See</u>, <u>e.g.</u>, <u>Brown v. Pool</u>, 79 Fed. App'x 15, 17 (5th Cir.2003); <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1019-20 (5th Cir.1998); <u>Smith v. Orleans Parish Prison</u>, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D.La. July 25, 2008).

### III. <u>Timeliness</u>

On the face of the complaint, plaintiff's federal civil rights claims are prescribed.

Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. <u>Wallace v. Kato</u>, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); <u>Wilson v. Garcia</u>, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983 actions are best characterized as personal injury actions); <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir.1998) (citing <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir.1994)). In Louisiana, personal injury claims are governed by La. C.C. art. 3492, which provides for a prescriptive period of one

year from the date of injury or damage.[1] <u>See Jacobsen</u>, 133 F.3d at 319 (citing <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir.1989)).

For purposes of calculating the limitations period, a § 1983 cause of action, similar to a Louisiana tort claim, accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. <u>Wallace</u>, 549 U.S. at 388; <u>Jacobsen</u>, 133 F.3d at 319; <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1020 (5th Cir.1998). The Supreme Court has held that the limitations period begins to run at the point when "the plaintiff can file suit and obtain relief." <u>Wallace</u>, 549 U.S. at 388 (citations omitted). Thus, for purposes of this lawsuit, Seaton would have had one year from the date of his injury or damage to bring both his § 1983, and any state tort claims, against the defendants. According to Seaton, the injury occurred on February 3, 2012. He therefore had one year, or until February 2, 2013, to file this civil rights lawsuit.

The clerk of this Court filed Seaton's complaint on January 7,

---

[1] Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

2014, when pauper status was granted.[2] In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes. <u>Medley v. Thaler</u>, 660 F.3d 833, 835 (5th Cir.2011); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir.1995). Seaton signed and dated his complaint on December 30, 2013, which is the earliest date appearing in the record on which he could have given the pleadings to prison officials for mailing to this Court. Therefore, Seaton's complaint was untimely filed on December 30, 2013, over 10 months after the limitations period expired on February 2, 2013.

<u>**RECOMMENDATION**</u>

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

---

[2] Rec. Doc. No. 1.

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this ___13th___ day of ___January___, 2014.

*Alma L Chasez*
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

-7-