**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER SEATON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-24** |
| **T. WILLIAMS, et al.** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiff Christopher Seaton's ("Plaintiff") objection[1] to the January 14,

2014, Report and Recommendation of the United States Magistrate Judge assigned the case.[2]

Plaintiff, a state prisoner who was formerly confined to the St. Tammany Parish Prison, filed a

complaint against Warden Longino, Sheriff Jack Strain, and prison correctional officers, T.

Williams, Lt. Jay Elliot, Capt. Mendy, Capt. Ceadar Holmes and Capt. Wade, (collectively,

"Defendants") pursuant to 42 U.S.C. § 1983.[3] Plaintiff alleges that he sustained an eye injury after

being struck by another inmate.[4] The Magistrate Judge recommends that the Court dismiss with

prejudice Plaintiff's complaint because it is untimely.[5] Plaintiff objects to the Magistrate Judge's

Report and Recommendation arguing that he is entitled to equitable tolling.[6] After reviewing the

complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record,

and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections,

adopt the Magistrate Judge's Report and Recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 4.

[3] Rec. Doc. 1.

[4] *Id.*

[5] Rec. Doc. 4.

[6] Rec. Doc. 5.

## I.  Background

### A.  *Factual Background*[7]

Plaintiff alleges that he was struck by inmate, Brandon Deflander, while in the restroom in

Pod  D600 on Friday, February 3, 2012 between 10:00 a.m. and 11:30 a.m.[8] After the attack,

Plaintiff stepped out of the restroom into the dayroom and attempted to get Officer Williams's

attention.[9] He alleges that his clothes were full of blood from the hit he sustained directly over his

right eye.[10] He asserts that Officer Williams shined his flashlight into the Pod.[11] Officer Williams

claims he did not see the attack, but Plaintiff claims this is improbable because there were cameras

monitoring the pods.[12] Plaintiff was subsequently brought to an emergency room in Amite,

Louisiana, where he was treated for his eye injury.[13] He alleges that he notified all the defendants

about the matter via correspondence and in person, to no avail.[14] He now wears prescription glasses

for vision enhancement in his right eye.[15] He requests monetary compensation and injunctive relief.[16]

### B.  *Report and Recommendation Findings*

On January 14, 2014, the Magistrate Judge recommended that Plaintiff's complaint be

---

[7] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[8] Rec. Doc. 1 at 8.

[9] *Id.*

[10] *Id.* at 8–9.

[11] *Id.* at 8.

[12] *Id.*

[13] *Id.* at 9.

[14] *Id.*

[15] *Id.* at 10.

[16] *Id.*

dismissed with prejudice as untimely.[17] The Magistrate Judge noted that because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims.[18] She cited Louisiana Civil Code article 3492, which provides a prescriptive period for personal injury claims of one year from the date of injury or damage.[19] She noted that a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.[20] She found that Plaintiff had until February 2, 2013, one year from the date of his injury or damage to bring both his § 1983, and any state tort claims, against the defendants.[21] Plaintiff did not sign and date his complaint until December 30, 2013, over 10 months after the limitations period expired.[22] Therefore, the Magistrate Judge recommended that the claims be dismissed as frivolous.[23]

## II. Objections

On January 24, 2014, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation.[24] He does not object to the Magistrate Judge's finding that his claim was untimely, but he contends that he is entitled to equitable tolling.[25] He argues that "there were several delays in filing his claim that prejudice [sic] his ability to file."[26] He contends that on March 19,

---

[17] Rec. Doc. 4.

[18] *Id*. at 4 (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).

[19] *Id*. at 4–5.

[20] *Id*. at 5 (citing Wallace, 549 U.S. at 388).

[21] *Id*.

[22] *Id*. The date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

[23] *Id*. at 6.

[24] Rec. Doc. 5.

[25] *Id*. at 5 (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).

[26] *Id*. at 2.

2012 he was transferred from St. Tammany Parish to Rivers Correctional Center, on March 30, 2012

he was transferred to Concardia Parish Prison, on April 8, 2012 he was transferred to Elyan Hunt

Correctional Center, on May 21, 2012, he was transferred to B.B. Sixty Rayburn Correctional

Center, on November 8, 2012 he was transferred to Harris County Jail in Houston, Texas, and finally

on March 8, 2013 he was transferred back to B.B. Sixty Rayburn Correctional Center.[27] He asserts

that he had problems obtaining legal materials due to the transfers, and he argues that state and

parish officials ignored his requests for materials.[28] He contends that he placed several law library

request forms and was placed on several backlog lists.[29] He admits that he had "limited access to law

books," but argues that "pages were missing, and books were damaged so badly they became

useless."[30]

### III.  Standard of Review

#### A. Review of the Magistrate Judge's Report and Recommendation

When designated by a district court to do so, a United States Magistrate Judge may consider

prisoner petitions challenging the conditions of confinement and recommend their disposition to the

District Court Judge in accordance with the Magistrate Judge's findings of fact and determinations

of law.[31] A District Judge "may accept, reject, or modify the recommended disposition" of a

Magistrate Judge on a dispositive matter.[32]  The District Judge must "determine *de novo* any part of

the [Report and Recommendation] that has been properly objected to."[33] However, a District Court's

---

[27] *Id.* at 2–3.

[28] *Id.* at 3.

[29] *Id.* at 4.

[30] *Id.*

[31] 28 U.S.C. § 636(b)(1)(B).

[32] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[33] Fed. R. Civ. P. 72(b)(3).

review is limited to plain error of parts of the report which are not properly objected to.[34]

### B. Standard for Frivolousness

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[35] A complaint is frivolous if it lacks an arguable basis in law or fact.[36] A claim has no arguable basis in law if "it is based on an indisputably meritless legal theory."[37] It lacks a basis in fact if "the facts alleged are clearly baseless."[38] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[39]

A district court may raise the defense of limitations *sua sponte*.[40] "Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations."[41]

### IV.  Law and Analysis

Federal courts must apply state statutes of limitations to claims brought under 42 U.S.C. § 1983.[42] "Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions."[43] A § 1983 action generally accrues when a plaintiff "knows or has reason to know of the injury which is the

---

[34] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[35] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[40] *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

[41] *Id.*

[42] *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir.1993)

[43] *Harris*, 198 F.3d at 156–157 (internal citations omitted).

basis of the action."[44]

Plaintiff does not object to the Magistrate Judge's finding that his claim is prescribed. Louisiana Civil Code article 3492 provides a prescriptive period for personal injury claims of one year from the date of injury or damage. Plaintiff knew of the injury which forms the basis of his complaint on February 2, 2012. Accordingly, he had until February 2, 2013, one year from the date of his injury or damage to bring his claim unless that period was extended through tolling.

The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of "contra non valentem agere nulla currit praescriptio" (no prescription runs against a person unable to bring an action).[45] "This doctrine, probably founded on the principles of equity, justice, fairness, or even natural law suspends the running of prescription when the 'plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.'"[46] Louisiana courts recognize four distinct factual situations involving a legal inability to act which may toll prescription:

> (1) when courts are legally closed;
> (2) when administrative or contractual restraints delay the plaintiff's action;
> (3) when the defendant prevents the plaintiff from bringing suit; and
> (4) when the plaintiff does not know nor reasonably should know of the cause of action.[47]

Louisiana courts have held that "the mere fact that the Plaintiff was in prison is not an excuse for failing to file suit timely."[48]

---

[44] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989)).

[45] *See Burge*, 996 F.2d at 788.

[46] *Harris*, 198 F.3d at 158 (quoting *Wimberly v. Gatch*, 635 So.2d 206, 211 (La.1994)).

[47] *Id.* (citing *In re Medical Review Panel Proceeding Vaidyanathan*, 719 So. 2d 604, 607 (La. Ct. App. 1998)).

[48] *Jackson v. Jefferson Parish Clerk of Court*, 07-962 (La. App. 5 Cir. 4/15/08; 961 So.2d 156, 160 (2008) (citing *McCoy v. City of Monroe*, 32-521 (La. App. 2 Cir. 12/8/99), 747 So.2d 1234; *Lloyd v. Howard*, 566 So.2d 424 (La. App. 3 Cir. 1990); and *Corsey v. State, Through Dept. of Corrections*, 375 So.2d 1319 (La.1979)).

In *Corsey v. State, Through Dept. of Corrections*, the Louisiana Supreme Court held that prescription did not run against a state prisoner where "the defendant's own tort has produced the plaintiff's mental and physical inability to file suit during the period of tort-caused incompetency."[49] The Supreme Court noted that "prescription does not run against a party who is unable to act," finding that prescription did not begin to run against the plaintiff until July 1973, when he began to recover an awareness of the events and of his condition.[50] In *Ledbetter v. Wheeler*, the Louisiana Second Circuit Court of Appeal considered a state prisoner's argument that prescription did not begin to run until he was given access to the prison law library.[51] The court rejected the state prisoner's argument, holding that "[p]rescription begins to run upon the claimant's knowledge of the facts upon which his claim is based."[52]

In *Brooks v. Menifee*, the United States Fifth Circuit Court of Appeals reviewed a district court's dismissal of a plaintiff's complaint as barred by the applicable one-year prescriptive period and overruled the plaintiff's contention that he was entitled to equitable tolling.[53] The plaintiff alleged that "[a]pproximately 30 days prior to the running of the prescriptive period, prison officials removed [the plaintiff's] personal and legal effects and placed them in storage in preparation for transferring [the plaintiff] to another facility in Pennsylvania for the taking of a deposition in a separate suit."[54] The Fifth Circuit, in an unpublished decision, noted that the plaintiff "was unable to complete and file his complaint during that time," but he acted diligently by filing his complaint

---

[49] 375 So.2d at 1323.

[50] *Id.* at 1320–21.

[51] 31-357 (La. App. 2 Cir. 12/9/98), 722 So.2d 382, 385.

[52] *Id.*

[53] 269 F. App'x. 441, 442 (2008).

[54] *Id.*

just nine days after he was returned to the original facility.[55] Accordingly, the Fifth Circuit remanded the case to the district court for further development of the record.[56]

Here, Plaintiff contends that on March 19, 2012 he was transferred from St. Tammany Parish to Rivers Correctional Center, on March 30, 2012 he was transferred to Concardia Parish Prison, on April 8, 2012 he was transferred to Elyan Hunt Correctional Center, on May 21, 2012, he was transferred to B.B. Sixty Rayburn Correctional Center, on November 8, 2012 he was transferred to Harris County Jail in Houston, Texas, and finally on March 8, 2013 he was transferred back to B.B. Sixty Rayburn Correctional Center. Plaintiff asserts that he had problems obtaining legal materials due to the transfers. However, unlike the plaintiff in *Brooks*, Plaintiff does not argue that he had no access to legal materials, only that the law library was inadequate and his access to legal materials was limited.[57] Further, unlike the plaintiff in Brooks who filed his complaint just nine days after he was returned to the original facility, Plaintiff did not sign and date his complaint until December 30, 2013, over nine months after he was transferred back to B.B. Sixty Rayburn Correctional Center.[58] Plaintiff had knowledge of the facts upon which his claim is based on February 2, 2013. Accordingly, the Court finds that prescription began to run on that date, and he is not entitled to tolling under the doctrine of contra non valentem because he has not established that he was unable to act or that he was prevented from bringing the suit for reasons external to his own will.

[55] *Id.*

[56] *Id.*

[57] The Fifth Circuit has held that an inadequate law library does not constitute extraordinary circumstances warranting equitable tolling under the AEDPA. *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000).

[58] Analyzing equitable tolling claims under the AEDPA, the Fifth Circuit has held that extended delays in pursuing claims fall short of the diligence required to support a bid for equitable tolling. *See*, *e.g.*, *Lann v. Dretke*, 111 F. App'x 236, 237 (5th Cir. 2004) (no equitable tolling when prisoner waited five months after denial of relief in state court before filing a federal petition); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (no equitable tolling when prisoner waited four months after denial of relief in state court before filing a federal petition); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (no equitable tolling when prisoner waited six months after receiving notice of the denial of state relief before filing a federal petition).

## V. Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __7th__ day of November, 2014.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**